IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:18-CV-500

KENNETH HILL,

    Plaintiff,

vs.

GO FINANCIAL, LLC N/K/A
BRIDGECREST FINANCIAL
ACCEPTANCE CORPORATION,
BRIDGECREST CREDIT COMPANY,
LLC,

    Defendants.

**NOTICE OF REMOVAL**
Mecklenburg County Superior Court
18 CVS 15065

Defendants named herein as Go Financial, LLC n/k/a Bridgecrest Financial Acceptance Corporation[1], and Bridgecrest Credit Company, LLC ("Bridgecrest Credit"), by and through undersigned counsel, file this Notice of Removal of the above-captioned matter from the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina, to the United States District Court for the Western District of North Carolina, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, and respectfully show to this Court the following:

---

[1] As shown below, Plaintiff has misidentified the relevant parties. Go Financial, LLC n/k/a Bridgecrest Financial Acceptance Corporation is not an actual entity. For the purposes of this Notice only, Defendants' counsel will assume that Plaintiff is referring to GFC Lending, LLC, which serviced Plaintiff's account. It is also possible that Plaintiff may be referring to Bridgecrest Acceptance Corporation, which is an actual entity, but was not involved in the origination or servicing of Plaintiff's account. Regardless of Plaintiff's intent, this case is still properly removed to federal court. Subject to the above, Defendants are not waiving any arguments regarding the dismissal of improperly named parties.

1. Plaintiff commenced this action by filing a Complaint on August 2, 2018 in the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina, bearing file number 18 CVS 15065.

2. As more fully set out below, this case is properly removed to this court because (1) Defendants have satisfied the procedural requirements for removal; and (2) this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C §§ 1331 and 1332.

**I. Defendant Has Satisfied the Procedural Requirements for Removal.**

3. Defendants received the Complaint and summons via certified mail delivered on September 15, 2018.

4. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because it is being filed within thirty days of "receipt of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

5. Venue is proper in this Court pursuant to 28 U.S.C. § 113(b) because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

6. Defendants have made no previous application for the relief requested herein.

7. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendants is attached hereto as Exhibit A and incorporated herein.

8. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff, and a copy is being filed with the Clerk of the General

Court of Justice, Superior Court Division, Mecklenburg County, North Carolina.

9. All Defendants joins in and consent to the removal of this action and are represented by the same counsel.

## II. Removal Is Proper Because This Court Has Subject Matter Jurisdiction Pursuant To 28 U.S.C. §§ 1331.

10. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as this civil action arises under the Constitution, laws, or treaties of the United States.

11. The Complaint asserts three claims for relief arising from the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"). Counts I[2], II, and IV all rely upon the construction of the TCPA and seek damages for violations of the TCPA. Compl. ¶¶ 42, 46, 57-60.

12. For the reasons stated above, removal is proper without regard to the citizenship or residence of the parties pursuant to 28 U.S.C. § 1441(b).

## III. Removal Is Proper Because This Court Has Subject Matter Jurisdiction Pursuant to 28 U.S.C. § 1332.

13. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

---

[2] Count I is only referenced in Plaintiff's Prayer for Relief, but there is no Count I in the body of the Complaint.

3

14. Plaintiff is a citizen and resident of Mecklenburg County, North Carolina. Compl. ¶ 14.

15. The Complaint makes no allegations of the citizenship of any named defendant.

16. The party named herein as "Go Financial, LLC n/k/a Bridgecrest Financial Acceptance Corporation" is not an existing corporation or a current or former proper name of a corporation. "Go Financial" has been a trade name used by GFC Lending, LLC, but these Defendants are not aware of any limited liability company by the name of Go Financial, LLC. GFC Lending, LLC is a limited liability company that has its principal place of business outside the State of North Carolina and its sole member is Go Capital Holdings, LLC, which is an Arizona limited liability company. Plaintiff has also incorrectly identified an entity as "Bridgecrest Financial Acceptance Corporation." Bridgecrest Acceptance Corporation is an Arizona corporation with its principal place of business located outside of the State of North Carolina.

17. Bridgecrest Credit Company, LLC is a limited liability company that has its principal place of business located outside the State of North Carolina. The sole member of Bridgecrest Credit Company, LLC is also Bridgecrest Acceptance Corporation. Accordingly, Bridgecrest Credit Company is a citizen for diversity purposes of the States of Arizona. *Cent. W. Virginia Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011)

4

(holding that citizenship of a limited liability company is determined by citizenship of its members).

18. In this action, the Plaintiff seeks to recover actual, statutory, treble, and punitive damages as well as attorney's fees and costs for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, the North Carolina Debt Collection Act, N.C. Gen. Stat. § 75-50 *et seq.*, and common law negligence.

19. Plaintiff alleges receiving "at least one hundred calls" from the Defendants. Compl. ¶ 22. Based on this course of conduct, Plaintiff alleges a right to recover $500 per call for violations of the TCPA and punitive damages in the amount of $1,500 per call under the TCPA. Compl. ¶¶ 42 and 46. Based on these allegations alone, Plaintiff seeks to recover $200,000 in statutory damages for violations of TCPA.

20. Plaintiff seeks to recover unspecified statutory damages under the NCDCA. Compl. ¶¶ 63-68. The NCDCA permits recovery of between $500 - $4,000 per violation. N.C. Gen. Stat. § 75-56.

21. In addition to the foregoing allegations of statutory damages, Plaintiff seeks to recover punitive damages. *Id.* ¶ 56. *See Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount."); *Woodward v. Newcourt Comm. Fin. Corp.*, 60 F. Supp. 2d 530, 532 (D.S.C. 1999) ("A claim for punitive damages

alone makes it virtually impossible to say that the claim is for less than the jurisdictional amount."). Without conceding that punitive damages are even recoverable in this action, if the Court determines that the Plaintiff has suffered actual damages not already preempted by the statutory claims described above, punitive damages could be awardable pursuant to the terms and limitations set forth in Chapter 1D of the North Carolina General Statutes.

22. Removal based upon diversity of citizenship is appropriate pursuant to 28 U.S.C. §1332(a) and (c), because complete diversity exists and the amount in controversy exceeds $75,000.

23. Nothing in this Notice of Removal should be construed as a waiver or relinquishment of any Defendants' right to assert any defense or counterclaim, including, without limitation, the defenses of failure to state a claim or any other procedural or substantive defense or counterclaim available under state or federal law.

WHEREFORE, Defendants Go Financial, LLC n/k/a Bridgecrest Financial Acceptance Corporation, and Bridgecrest Credit Company, LLC, request that this action proceed in this Court as an action properly removed to it and for such other and further relief as the Court may deem just and proper.

Respectfully submitted, this the 13th day of September, 2018.

/s/ Donald R. Pocock
Donald R. Pocock, NC Bar No. 29393
Attorney for Defendants
NELSON MULLINS RILEY & SCARBOROUGH LLP
380 Knollwood Street, Suite 530
Winston-Salem, NC  27103
Telephone: 336.774.3324 / Fax: 336.774.3376
E-mail: donald.pocock@nelsonmullins.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2018 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such to the following:

None.

And I hereby certify that I have mailed the foregoing to the following non CM/ECF participants:

E. Lynette Stone
The Stone Law Office
2101 Cedar Springs Road, Suite 1050
Dallas, TX 75201
***Attorney for Plaintiff***

Abbas Kazerounian
Kazerouni Law Group, APC
245 Fischer Ave, Unit D1
Costa Mesa, CA 92626
***Attorney for Plaintiff***

Anthony P. Chester
Ramona V. Ladwig
Hyde & Swigart
1910 Pacific Ave., Suite 14155
Dallas, TX 75201
***Attorney for Plaintiff***

/s/ Donald R. Pocock
Donald R. Pocock, NC Bar No. 29393
Attorney for Defendants
NELSON MULLINS RILEY & SCARBOROUGH LLP
380 Knollwood Street, Suite 530
Winston-Salem, NC 27103
Telephone: 336.774.3324
Fax: 336.774.3376
E-mail: donald.pocock@nelsonmullins.com