# STATE OF NORTH CAROLINA

File No. 18CVS15066

MECKLENBURG County

In The General Court Of Justice
☐ District   ☒ Superior Court Division

**Name Of Plaintiff**
Kenneth Hill

**Address**
C/O The Stone Law Office, 2101 Cedar Springs Rd. #1050

**City, State, Zip**
Dallas    TX    75201

## CIVIL SUMMONS
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3 and 4

**VERSUS**

**Name Of Defendant(s)**
Go Financial, LLC n/k/a Bridgecrest Financial Acceptance Corporation, Bridgecrest Credit Company LLC

**Date Original Summons Issued**

**Date(s) Subsequent Summons(es) Issued**

### To Each Of The Defendant(s) Named Below:

**Name And Address Of Defendant 1**
Bridgecrest Financial Acceptance Corporation
7300 E. Hampton Avenue, Suite 101
Mesa, Arizona 85209

**Name And Address Of Defendant 2**
Bridgecrest Credit Company LLC
2626 Glenwood Avenue, Suite 550
Raleigh, North Carolina 27608

⚠️ **IMPORTANT!** You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE!** ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

**Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)**
E. Lynette Stone
The Stone Law Office
2101 Cedar Springs Road, Ste. 1050
Dallas, Texas 75201

**Date Issued:** 8-2-18   **Time:** 12:00 ☐ AM ☒ PM

**Signature**

☒ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court

☐ **ENDORSEMENT (ASSESS FEE)**
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

**Date Of Endorsement**   **Time** ☐ AM ☐ PM

**Signature**

☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

STATE OF NORTH CAROLINA      IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
2018 AUG -2 PM 3:18   CVS 15005

COUNTY OF MECKLENBURG

MECKLENBURG CO., C.S.C.

KENNETH HILL, )
    Plaintiff, )
)
v. ) **COMPLAINT**
) (Jury Trial Demanded)
GO FINANCIAL, LLC, N/K/A )
BRIDGECREST FINANCIAL )
ACCEPTANCE CORPORATION, )
BRIDGECREST CREDIT )
COMPANY LLC, )
)
    Defendant. )

**NOW COME,** Plaintiff, Kenneth Hill ("Hill" or "Plaintiff"), by counsel files this Original Complaint pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 and the North Carolina Debt Collection Act, N.C. GEN. STAT. § 75-50 against Defendants Go Financial, LLC, now known as Bridgecrest Financial Acceptance, and Bridgecrest Credit Company, LLC (collectively, "Defendants") and asserts the following:

1.     This action for damages is brought by an individual plaintiff in response to Defendants' violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2.     The Telephone Consumer Protection Act ("TCPA") was designed to prevent calls like the ones described within this Complaint, and to protect the privacy of citizens like the plaintiff. "Voluminous consumer complaints about abuses of telephone technology––for example, computerized calls dispatched to private homes––prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call. . . ." TCPA, Pub.L. No. 102–243, at §§ 12-13. *See also, Mims*, 132 S. Ct. at 744.

5. Plaintiff, through his undersigned attorneys, brings this action to challenge the actions of Go Financial, LLC, n/k/a Bridgecrest Financial Acceptance Corporation (hereinafter "Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

6. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, which Plaintiff alleges on personal knowledge.

7. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

8. Unless otherwise stated, all the conduct engaged in by Defendant took place in the State of North Carolina.

9. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any specific violation.

## JURISDICTION AND VENUE

10. Jurisdiction of this Court arises pursuant to 47 U.S.C. § 227(b).

11. This action arises out of Defendants' violations of federal law. 47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs. LLC*, 132 S. Ct. 740 (2012).

12. This action also arises from Defendants' violations of North Carolina State law N.C. GEN. STAT. § 75-50.

13. Venue is proper pursuant to N.C. GEN. STAT. § 1-80.

## PARTIES

14. Plaintiff, Hill is a natural person who resides in the City of Pineville, State of North Carolina.

15. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

16. Defendants are engaged in the business of lending in and throughout the State of North Carolina.

## FACTUAL ALLEGATIONS

17. Beginning in February 2018, Defendant called Plaintiff on Plaintiff's cellular telephone number ending in 9187 via an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1), using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

18. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

19. This ATDS also acts as a predictive dialer.

20. When Plaintiff would answer the calls from Defendant, there would often be a silence, sometimes with a click or beep-tone, before Defendants' Representative would pick up and start speaking.

21. Sometimes, Plaintiff would receive calls from Defendant in which the caller was a recorded voice or message, rather than a live representative.

22. Plaintiff has received at least one hundred calls from Defendant on Plaintiff's cellular telephone to be determined through discovery.

23. Immediately when Plaintiff started receiving calls, on or about February 9, 2018, he revoked any type of prior express consent, if prior express consent ever existed, by stating that Plaintiff no longer wished to be contacted by telephone.

24. After February 9, 2018, Plaintiff answered several of the above mentioned telephone calls from Defendant and asked Defendant to stop calling.

25. Despite this clear and unmistakable request, the calls continued without interruption.

26. Each of these requests terminated any express or implied consent that

Defendant may have had prior to beginning its campaign of harassment by telephone.

27. Each of these calls was an attempt to collect on a consumer debt allegedly due and owing by Plaintiff.

28. The calls by Defendant to Plaintiff's cell phone continued, even after Plaintiff's oral revocation.

29. As a result, the telephone calls by Defendant, or its agent(s), violated 47 U.S.C. § 227(b)(1).

30. The calls impacted Plaintiff personally, distressing him, since Defendant never refrained from the harassing collection calls using an ATDS despite Plaintiff's requests.

31. The unrelenting, repetitive calls disrupted and interfered with Plaintiff's daily activities, including his work, and the peaceful enjoyment of Plaintiff's personal and professional life, including the ability to use Plaintiff's phone.

32. The calls placed by Defendant to Plaintiff were extremely intrusive, including with Plaintiff's relationships with close family members.

33. Specifically, Plaintiff began to ignore or send to voicemail many incoming calls from unknown numbers, out of frustration in dealing with Defendants' unwanted and intrusive calls.

34. In doing so, Plaintiff missed important communications from friends, family and work related calls.

the above-cited provisions of the TCPA, 47 U.S.C. 227 *et. seq.*

42. As a result of Defendants' negligent violations of 47 U.S.C. § 227 *et seq*, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

43. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## COUNT II

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA) 47 U.S.C. 227

44. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

45. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

46. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3) (B) and 47 U.S.C. § 227(b)(3)(C).

47. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

Page 7 of 13

Case 3:18-cv-00500-FDW-DSC   Document 1-1   Filed 09/13/18   Page 7 of 13

## COUNT III

## NEGLIGENCE

48. Plaintiff repeats, re-alleges and incorporates by reference, all other paragraphs.

49. Defendant had a duty to refrain from infringing on Plaintiff's privacy rights when seeking to collect on alleged debts and not calling Plaintiff repeatedly to harass and abuse Plaintiff.

50. Defendant breached that duty by calling Plaintiff on plaintiff's cellular telephone an excessive number of times, as discussed above, and continued to call despite Plaintiff's request that the calls stop.

51. Defendants' negligence was a substantial and proximate factor in causing Plaintiff the harm an injuries described above.

52. Plaintiff was harmed and suffered the injuries described above.

53. As a result, Plaintiff is entitled to actual damages.

54. Defendants' conduct was malicious and oppressive.

55. As a result, Plaintiff is entitled to punitive damages.

## COUNT IV

## NEGLIGENCE PER SE—TCPA

56. Plaintiff repeats, re-alleges and incorporates by reference, all other paragraphs.

57. The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et. seq. was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff.

58. Thus, Plaintiff is within the class which the TCPA is designed to protect.

59. As described above, Defendant breached its duty when it violated the TCPA.

60. Defendants' violation of the TCPA was a substantial and proximate factor in causing Plaintiff the harm an injury described above.

61. As said conduct was carried out by Defendant in an oppressive, malicious, despicable, and gross and wantonly negligent manner, said conduct demonstrates Defendants' conscious disregard for the rights and safety of Plaintiff or his family. As such, Plaintiff is entitled to recover punitive damages from Defendant in an amount according to the proof supplied at trial.

## COUNT V

### COERCION, HARASSMENT AND UNCONSCIONABLE MEANS IN VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION ACT ("NCDCA") N.C. GEN. STAT. § 75-50

62. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

63. Under the NCDCA, Defendant is and was barred from coercion, harassing or using unconscionable means against Plaintiff by causing Plaintiff's telephone to ring repeatedly or continuously, or from making repeated or continuous telephone calls to Plaintiff, with the intent to harass Plaintiff at the called number, N.C. Gen. Stat. § 75-50.

64. Defendant disregarded its obligations under the NCDCA by causing Plaintiff's telephone to ring repeatedly or continuously, and/or by making repeated or continuous telephone calls to Plaintiff, with the intent to harass and coerce Plaintiff at the called number.

65. Defendant caused Plaintiff damages by disregarding Defendants' obligation

under the NCDCA to not harass, coerce or use unconscionable means by causing Plaintiff's telephone to ring repeatedly or continuously, and/or by making repeated or continuous telephone calls to Plaintiff, with the intent to harass Plaintiff at the called number.

66. Defendant has harassed, coerced and used unconscionable means against Plaintiff by causing Plaintiff's telephone to ring repeatedly or continuously, and/or by making repeated or continuous telephone calls to Plaintiff, with the intent to harass Plaintiff at the called number in in violation of the N.C. Gen. Stat. § 75-50.

67. Defendant violated the NCDCA.

68. Plaintiff alleges that Defendants' actions were taken knowingly and intentionally thereby entitling Plaintiff to additional damages, attorney's fees and cost of court, pursuant to the NCDCA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

## COUNT I

### NEGLIGENT VIOLATIONS OF THE TCPA 47 U.S.C. §§ 227 *ET SEQ.*

- Statutory damages of $500 for each and every negligent violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B);
- Any and all other relief that the Court deems just and proper.

## COUNT II

## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA 47 U.S.C. §§ 227 *ET SEQ.*

- Statutory damages of $1,500, for each and every knowing and/or willful violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

- Any and all other relief that the Court deems just and proper.

## COUNT III

## NEGLIGENCE

- An award of actual damages;
- An award of punitive damages;
- Any and all other relief that the Court deems just and proper.

## COUNT IV

## NEGLIGENCE PER SE

- An award of actual damages;
- An award of punitive damages;
- Any and all other relief that the Court deems just and proper.

## COUNT V

## COERCION, HARASSMENT AND UNCONSCIONABLE MEANS IN VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION ACT (NCDCA)

- A ruling that the Defendant violated the NCDCA;
- Awarding Plaintiff actual damages pursuant to the NCDCA
- In the alternative, awarding Plaintiff the statutorily allowable amount of

damages for each violation of the NCDCA;

- Awarding Plaintiff reasonable attorney's fees and costs incurred in this action;

- Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

- Any and all other relieve the court deems just and proper.

### JURY DEMAND

Plaintiff is entitled to, and demands, a trial by jury.

Respectfully Submitted,

Date: July 31, 2018        By: *[signature]*

E. Lynette Stone
North Carolina State Bar No. 48994
**THE STONE LAW OFFICE**
2101 Cedar Springs Road, Ste. 1050
Dallas, Texas 75201
Phone: (972) 383-9499
Facsimile: (972) 525-0063
Email: els@thestonelawoffice.com

and

Anthony P. Chester
Ramona V. Ladwig
**HYDE & SWIGART**
1910 Pacific Ave., Suite 14155
Dallas, TX 75201
Telephone: (952) 225-5333
Facsimile: (800) 635-6425
Email: tony@westcoastlitigation.com

and

Abbas Kazerounian, Esq.
State Bar No. 24090982
**KAZEROUNI LAW GROUP, APC**
245 Fischer Ave, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808 Ext. 2
Facsimile: (800) 520-5523
Email: ak@kazlg.com

***Attorneys for Kenneth Hill***